# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARTELL L. LOGAN,

        Plaintiff,

v.

UNICARE LIFE AND HEALTH
INSURANCE, INC., COMPSYSTEM TRUST,
THE BEGLEY ORGANIZATION, LLC,
MICHAEL J. BEGLEY, and MASS MUTUAL
BENEFITS MANAGEMENT, INC.,

        Defendants.
_____/

CASE NO. 05-72928
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the Theodore Levin United States Courthouse,
in the City of Detroit, State of Michigan, on June 25, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's and Defendants Begley and the Begley Organization's [hereinafter "Begley Defendants"] cross motions for summary judgment [dkt 52, 59]. The motions have been fully briefed by the parties. The Court finds that the parties have adequately set forth the relevant law and facts, and that oral argument would not aid in the disposition of the instant motions. *See* E.D. MICH. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motions be decided on the briefs submitted. For the reasons set forth below, Plaintiff's motion is DENIED and the Begley Defendants' motion is GRANTED.

## II. BACKGROUND

This is an action for long-term disability benefits under an employee benefits plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Plaintiff began working for the Begley Defendants on January 3, 2000, as a computer technician. Begley was a general agent for MassMutual Life Insurance Company. MassMutual established a trust, Defendant Compsystem, to hold a group insurance and long-term disability policy for the employees of MassMutual's general agents. The group policy was issued by UniCare.

In February of 2002, Begley was terminated as a general agent of MassMutual. Begley's employees, including Plaintiff, then became direct employees of MassMutual. In July of 2002, Seymour-Gill became a general agent of MassMutual, and took over the old Begley agency. MassMutual and Seymour-Gill held a meeting with the former Begley employees, including Plaintiff, and told them there would be no change in their benefits.

In April of 2003, Plaintiff began suffering from a severe gastrointestinal disorder that required several trips to the emergency room at William Beaumont Hospital. Plaintiff's condition causes him to become violently ill at unpredictable times. Plaintiff subsequently sought treatment at the Mayo Clinic in Minnesota. In April of 2004, Plaintiff applied to UniCare for long-term disability benefits, claiming that he had been disabled since April of 2003. UniCare denied the claim, holding that Plaintiff was hired in July of 2002 and a pre-existing condition limitation applied.

Plaintiff subsequently brought suit against UniCare, the Begley Defendants, MassMutual Benefits, and the Compsystem Trust. On June 13, 2007, the Court granted Plaintiff's motion against UniCare, holding that UniCare's denial of benefits was arbitrary and capricious.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Them moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. While all inferences must be drawn in favor of the nonmoving party, this Court is under no obligation to imagine favorable facts where the nonmoving party has alleged none. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

Plaintiff has four claims against the Begley Defendants: breach of fiduciary duty (counts II and VI), wrongful discrimination (count III), failure to notify of material reduction in benefits (count IV), and failure to produce documents (count V).

*A.     Breach of fiduciary duty*

Plaintiff argues that the Begley Defendants breached their fiduciary duty to him by failing to properly enroll him for long-term disability coverage. In *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833 (6th Cir. 2007), the Sixth Circuit held that an employee could

simultaneously bring claims against an ERISA plan for benefits, and an employer for breach of fiduciary duty. However, if the employee succeeds with his claim against the ERISA plan, the claim against the employer is moot. *Id.* at 841. In the instant case, the Court granted Plaintiff's motion against UniCare. Thus, Plaintiff's breach of fiduciary duty claim against the Begley Defendants is moot.

B. *Wrongful discrimination*

Plaintiff argues that the Begley Defendants' failure to properly enroll him for long term disability benefits constituted wrongful discrimination. 29 U.S.C. § 1140 provides, in part that:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act.

The Sixth Circuit has noted that this "provision of ERISA is 'aimed primarily at preventing unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.'" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 455 (6th Cir. 2003) (quoting *West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980)). In *Marks*, the plaintiff alleged that the defendant had fraudulently induced him to alter his employment situation in a way that adversely affected his ability to claim benefits. The Sixth Circuit noted that "false statements affecting an employee's pension rights do not rise to the level of discrimination found in cases enforcing [§ 1140 ]." *Id.* at 455.

In the instant case, Plaintiff alleges that the Begley Defendants negligently failed to enroll him in the long-term disability plan, and then covered up their mistake. As in *Marks*, these actions do not rise to the level of discrimination prohibited by § 1140. If § 1140 were interpreted so

4

broadly, then virtually any action an employer took that adversely affected an employee's ability to collect benefits would be actionable under that section. That would effectively transform § 1140 into a "catch all" enforcement mechanism. However, ERISA already contains a "catch all" provision, § 1132(a)(3). *Gore*, 477 F.3d at 838.

Plaintiff's wrongful discrimination claim is better construed as a claim for breach of fiduciary duty, which, as discussed above, has become moot. Therefore, Plaintiff's wrongful discrimination claim is dismissed.

C.  *Failure to notify of material reduction in benefits*

Plaintiff alleges that the Begley Defendants failed to notify him of a material reduction in benefits when they did not inform him that he had not been properly enrolled in the long-term disability plan. However, Plaintiff does not allege that at one point he had benefits, and then lost them. Hence, there was never any "reduction" for the Begley Defendants to notify him of. Thus, this claim is dismissed.

D.  *Failure to produce documents*

Plaintiff alleges that the Begley Defendants failed to provide him with documents regarding the long-term disability plan. 29 U.S.C. § 1132(c)(1) provides, in part that:

> Any administrator . . .who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $ 100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

The law in the Sixth Circuit "is clear that 'only a plan administrator can be held liable under

section 1132(c).'" *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 961 (6th Cir. 2001) (quoting *Vanderklok v. Provident Life & Accident Insurance Co.*, 956 F.2d 610, 617 (6th Cir. 1992)). In the instant case, the plan summary specifies that the Compsystem Trust is the plan administrator. Defendants' Exh. 5 at 45. Plaintiff concedes that the Compsystem Trust is the plan administrator of the long-term disability plan, but suggests that the Begley Defendants are administrators of the Compsystem Trust. There is no evidence to support that claim; the Compsystem Trust was founded by MassMutual and is staffed by MassMutual employees. Thus, this claim is dismissed.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment against the Begley Defendants is DENIED and the Begley Defendants' motion for summary judgment is GRANTED. Plaintiff's claims against the Begley Defendants are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                        s/Lawrence P. Zatkoff
                                                        LAWRENCE P. ZATKOFF
                                                        UNITED STATES DISTRICT JUDGE

Dated: June 25, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 25, 2007.

                                                        s/Marie E. Verlinde
                                                        Case Manager
                                                        (810) 984-3290