UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL L. LOGAN,

        Plaintiff,

v.

UNICARE LIFE AND HEALTH
INSURANCE, INC., COMPSYSTEM TRUST,
THE BEGLEY ORGANIZATION, LLC,
MICHAEL J. BEGLEY, and MASS MUTUAL
BENEFITS MANAGEMENT, INC.,

        Defendants.
_____/

CASE NO. 05-72928
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the Theodore Levin United States Courthouse,
in the City of Detroit, State of Michigan, on June 25, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's and Defendants Compsystem and MassMutual Benefits Management's [hereinafter "MMBM"] cross motions for summary judgment [dkt 52, 58]. The motions have been fully briefed by the parties. The Court finds that the parties have adequately set forth the relevant law and facts, and that oral argument would not aid in the disposition of the instant motions. *See* E.D. MICH. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motions be decided on the briefs submitted. For the reasons set forth below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART and Compsystem and MMBM's motion is GRANTED IN

PART AND DENIED IN PART.

## II. BACKGROUND

This is an action for long-term disability benefits under an employee benefits plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Plaintiff began working for the Begley Defendants on January 3, 2000, as a computer technician. Begley was a general agent for MassMutual Life Insurance Company. MassMutual established a trust, Defendant Compsystem, to hold a group insurance and long-term disability policy for the employees of MassMutual's general agents. Compsystem's administrative functions are performed by employees of Defendant MMBM. The group policy was issued by UniCare.

In February of 2002, Begley was terminated as a general agent of MassMutual. Begley's employees, including Plaintiff, then became direct employees of MassMutual. In July of 2002, Seymour-Gill became a general agent of MassMutual, and took over the old Begley agency. MassMutual and Seymour-Gill held a meeting with the former Begley employees, including Plaintiff, and told them there would be no change in their benefits.

In April of 2003, Plaintiff began suffering from a severe gastrointestinal disorder that required several trips to the emergency room at William Beaumont Hospital. Plaintiff's condition causes him to become violently ill at unpredictable times. Plaintiff subsequently sought treatment at the Mayo Clinic in Minnesota. In April of 2004, Plaintiff applied to UniCare for long-term disability benefits, claiming that he had been disabled since April of 2003. UniCare denied the claim, holding that Plaintiff was hired in July of 2002 and a pre-existing condition limitation applied.

Plaintiff subsequently brought suit against UniCare, the Begley Defendants, Compsystem, and MMBL . On June 13, 2007, the Court granted Plaintiff's motion against UniCare, holding that

UniCare's denial of benefits was arbitrary and capricious.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Them moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. While all inferences must be drawn in favor of the nonmoving party, this Court is under no obligation to imagine favorable facts where the nonmoving party has alleged none. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

Plaintiff has four claims against Compsystem and MMBM: breach of fiduciary duty (counts II and VI), wrongful discrimination (count III), failure to notify of material reduction in benefits (count IV), and failure to produce documents (count V).

A.  *Breach of fiduciary duty*

Plaintiff argues that Compsystem and MMBM breached their fiduciary duty to him by failing to properly enroll him for long-term disability coverage. In *Gore v. El Paso Energy Corp. Long*

*Term Disability Plan*, 477 F.3d 833 (6th Cir. 2007), the Sixth Circuit held that an employee could simultaneously bring claims against an ERISA plan for benefits, and an employer for breach of fiduciary duty. However, if the employee succeeds with his claim against the ERISA plan, the claim against the employer is moot. *Id.* at 841. In the instant case, the Court granted Plaintiff's motion against UniCare. Thus, Plaintiff's breach of fiduciary duty claim against Compsystem and MMBM is moot.

*B.  Wrongful discrimination*

Plaintiff argues that Compsystem and MMBM's failure to properly enroll him for long term disability benefits constituted wrongful discrimination. 29 U.S.C. § 1140 provides, in part that:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act.

The Sixth Circuit has noted that this "provision of ERISA is 'aimed primarily at preventing unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.'" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 455 (6th Cir. 2003) (quoting *West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980)). In *Marks*, the plaintiff alleged that the defendant had fraudulently induced him to alter his employment situation in a way that adversely affected his ability to claim benefits. The Sixth Circuit noted that "false statements affecting an employee's pension rights do not rise to the level of discrimination found in cases enforcing [§ 1140 ]." *Id.* at 455.

In the instant case, Plaintiff alleges that Compsystem and MMBM negligently failed to enroll him in the long-term disability plan, and then covered up their mistake. As in *Marks*, these actions

4

do not rise to the level of discrimination prohibited by § 1140. If § 1140 were interpreted so broadly, then virtually any action an employer took that adversely affected an employee's ability to collect benefits would be actionable under that section. That would effectively transform § 1140 into a "catch all" enforcement mechanism. However, ERISA already contains a "catch all" provision, § 1132(a)(3). *Gore*, 477 F.3d at 838.

Plaintiff's wrongful discrimination claim is better construed as a claim for breach of fiduciary duty, which, as discussed above, has become moot. Therefore, Plaintiff's wrongful discrimination claim is dismissed.

C.      *Failure to notify of material reduction in benefits*

Plaintiff alleges that Compsystem and MMBM failed to notify him of a material reduction in benefits when they did not inform him that he had not been properly enrolled in the long-term disability plan. However, Plaintiff does not allege that at one point he had benefits, and then lost them. Hence, there was never any "reduction" for Compsystem and MMBM to notify him of. Thus, this claim is dismissed.

D.      *Failure to produce documents*

Plaintiff alleges that Compsystem and MMBM failed to timely provide him with documents regarding the long-term disability plan. The Sixth Circuit has noted that

> ERISA gives district courts 'discretion' to impose up to $110 a day in penalties against '[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested . . . within 30 days after such request.'

Crosby v. Rohm & Haas Co., 480 F.3d 423, 431-32 (6th Cir. 2007) (quoting 29 U.S.C. § 1132(c)(1)(B)).

5

Plaintiff alleges that it took Compsystem and MMBM 344 days to provide him with the participation agreement between Seymour-Gill and MassMutual, and that Compsystem and MMBM never provided him with the participation agreement between Begley and MassMutual. Compsystem and MMBM do not deny these allegations. It appears that the participation agreement between Begley and MassMutual either never existed or has been lost, because Compsystem and MMBM are unable to locate it.

Regarding the participation agreement between Seymour-Gill and MassMutual, Compsystem and MMBM argue that they were not obligated to produce it because it was inapplicable to Plaintiff. Plaintiff requested the document because UniCare asked him for it when he filed a claim for long-term disability benefits. As discussed in the Court's opinion and order regarding Plaintiff's motion for judgment on the administrative record against UniCare, UniCare tried to determine whether Plaintiff was enrolled for long-term disability benefits in January of 2000 or July of 2002. As part of its determination, UniCare needed to know whether there was continuity between the coverage provided to Begley employees and the coverage subsequently provided to Seymour-Gill employees. That information was provided in the participation agreement between Seymour-Gill and MassMutual.

Compsystem and MMBM argue that the participation agreement between Seymour-Gill and MassMutual was inapplicable to Plaintiff because he was not enrolled for long-term disability coverage until July of 2002. This argument is without merit, as it begs the question. Plaintiff's argument all along was that he should have been enrolled in January of 2000. Compsystem and MMBM determined that Plaintiff was not enrolled until July of 2002, and then denied him access to a document that supported his claim that he was entitled to coverage beginning at an earlier date.

MMBM also argues that it is not liable, as Compsystem was the plan administrator. This argument is unpersuasive. Compsystem's administrative duties were performed by employees of MMBM. Compsystem and MMBM also admit that MMBM served "as a third-party administrator of the Policy by acting as a liaison between the employer Plan sponsors and the insurer, Unicare." Compsystem and MMBM's motion at 16. In other words, all of Compsystem's duties were performed by MMBM employees, and the decision to not provide Plaintiff with the requested documents was made by a MMBM employee.

The Court has discretion in determining whether to award damages pursuant to 29 U.S.C. § 1132(c)(1)(B). *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1068 (6th Cir. 1994). The Court may consider whether the failure to produce the documents prejudiced Plaintiff. *Id.* Compsystem and MMBM's failure to produce the Seymour-Gill participation agreement with MassMutual prejudiced Plaintiff, because he was unable to give it to UniCare during the appeal process. Thus, the Court finds that the statutory maximum of $110 per day is warranted in this case. Compsystem and MMBM did not produce the document for 344 days after Plaintiff's request; the Court will award Plaintiff damages for 314 days (344-30). Plaintiff is thus entitled to $34,540.00 (314 x $110.00).

Regarding the participation agreement between Begley and MassMutual, it would be inappropriate to penalize Compsystem and MMBM for failing to turn over a document that they do not possess. There has been no evidence that Compsystem and MMBM misplaced the document in bad faith, and the $34,540.00 Plaintiff will receive regarding the Seymour-Gill participation agreement is a sufficient award.

F.  *Attorney Fees*

Plaintiff has requested the costs and attorney fees associated with this motion. The Court

has discretion to award costs and attorney fees pursuant to 29 U.S.C. § 1132(g)(1). When determining whether to award attorney fees, the Court must consider the following factors.

> (1) the degree of the opposing party's culpability or bad faith;
>
> (2) the opposing party's ability to satisfy an award of attorney's fees;
>
> (3) the deterrent effect of an award on other persons under similar circumstances;
>
> (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
>
> (5) the relative merits of the parties' positions.

*Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301 (6th Cir. 1991) (quoting *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)). Regarding the first factor, Compsystem and MMBM are culpable for failing to produce the Seymour-Gill participation agreement, as discussed above. However, the Court acknowledges that the facts of this case were intricate and no doubt confusing to all of the parties involved, and the problem seems to have been initially caused by an employee of the Begley organization.

Regarding the second and third factors, Plaintiff has not provided any information on Compsystem and MMBM's ability to pay, and the statutory penalty imposed above will provide a sufficient deterrent. Regarding the fourth factor, Plaintiff did not seek to provide a common benefit. Regarding the fifth factor, Plaintiff prevailed on his failure to produce documents claim, but two of Plaintiff's claims, discrimination and failure to notify of a material reduction in benefits, were meritless. After considering all five factors, the Court will deny Plaintiff's request for costs and attorney fees.

## V. CONCLUSION

For the reasons set forth above, Compsystem and MMBM's motion for summary judgment is GRANTED as to counts II, III, IV, and VI. Plaintiff's motion for summary judgment against Compsystem and MMBM is DENIED as to counts II, III, IV, and VI. Compsystem and MMBM's motion for summary judgment is DENIED as to count V. Plaintiff's motion for summary judgment against Compsystem and MMBM is GRANTED as to count V. Plaintiff is hereby awarded $34,540.00.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 25, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290